UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80059-CIV-COHN/SELTZER

INTRA-LOCK INTERNATIONAL, INC., a
Florida corporation

    Plaintiff,

vs.

BOCA DENTAL SUPPLY, LLC,
a Florida limited liability company,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Motion to Compel Production of Documents [DE 75] filed by Defendant Boca Dental Supply, LLC ("Boca Dental"). The dispute involves Defendant's request that Plaintiff, Intra-Lock International, Inc. ("Intra-Lock") produce an unredacted copy of its FDA application and "FDA file" for its Intra-Spin System pursuant to Fed. R. Civ. P. 37(a)(3)(B).

The parties are competitors who are engaged in the business of selling dental surgery products. Both parties sell systems designed to draw and centrifuge a dental patient's blood in order to assist in bone healing in implant dentistry. [DE 28, p. 13]. Intra-Lock filed this action against Boca Dental, alleging that Boca Dental has engaged in unfair competition and made material misrepresentations in violation of the Lanham Act, 15 U.S.C. § 1125, and common law. [DE 23]. Intra-Lock takes issue with Boca Dental's website and marketing material that accuse Intra-Lock's product of being unsafe and putting patients at risk. Specifically, Boca Dental's marketing materials contend that the

blood collection tubes utilized by Intra-Lock are non-sterile and subject to contamination, putting patients at risk. Boca Dental has also allegedly disseminated material (printed and digital) accusing Intra-Lock of misrepresenting the safety of its blood collection tubes to the FDA. Intra-Lock contends that these statements amount to unfair competition. Boca Dental responded to the Amended Complaint by filing affirmative defenses and a counterclaim [DE 28] alleging that Intra-Lock engaged in unfair competition and made false and material misrepresentations under the Lanham Act and common law by misrepresenting the safety of its blood collection tubes to doctors and to the FDA.

At issue in this discovery dispute is whether Intra-Lock's entire unredacted FDA application and "FDA file" is a proper subject of discovery. Intra-Lock claims that it is not. First, Intra-Lock argues that the Motion to Compel "is a veiled attempt to access the confidential and proprietary business information and trade secrets of Intra-Lock." Second, Intra-Lock contends that Boca Dental is seeking irrelevant information beyond the scope of permissible discovery.

Boca Dental does not dispute the confidential nature and trade secret status of the information in the FDA file, but claims that the previously issued Confidentiality Order [DE 42] would protect the information. Boca Dental, however, does dispute Intra-Lock's contention that the FDA file lacks relevance to the issues in the lawsuit. Boca Dental asserts that because its pleadings assert that Intra-Lock made misrepresentations to the FDA, Intra-Lock's entire FDA file is subject to discovery.

The scope of discovery is governed by Rule 26(b)(1), Federal Rules of Civil Procedure:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In determining whether materials must be produced in discovery, the Court must consider both relevance to the issues in the lawsuit and proportionality to the needs of the case. "In determining the proper scope of discovery, a district court balances a party's right to discovery with the need to prevent fishing expeditions." Roxane Labs., Inc. v. Abbott Labs., 2014 WL 1350967, at *2 (S.D. Ohio Apr. 4, 2014)(internal quotations and citations omitted).

In this case, Boca Dental contends that Intra-Lock's FDA application contained an inaccurate safety comparison to a predicate device, the "Harvest PRP Separation System." Boca Dental's counterclaim describes in detail the reasons why Intra-Lock's system is not as safe as the predicate device. Intra-Lock has produced those portions of its FDA application that relate to the predicate device. In addition, Boca Dental has obtained through a Freedom of Information Act ("FOIA") request a redacted copy of Intra-Lock's FDA application. Nevertheless, Boca Dental requests production of Intra-Lock's entire unredacted FDA application and file because it is "likely to reveal additional representations that Plaintiff made to the FDA about its device. Other items in Plaintiff's FDA file are also very likely to provide information regarding Plaintiff's device and to have bearing on whether Plaintiff misrepresented any additional information to the FDA." [DE 85, p. 4].

Boca Dental has not identified with particularity those portions of the FDA application it would like unredacted nor has it made any showing of how particular portions of the FDA application would be relevant to the issues in this action. The Court finds that Boca Dental's open-ended search for other possible or potential (mis)representations by Intra-Lock to the FDA is not relevant to its claims or defenses, nor is it proportional to the needs of the case. Especially in light of the confidential information and trade secrets contained in the FDA application, see 21 C.F.R. § 20.61, the Court finds that Boca Dental has not met its burden of establishing that the items it seeks come within the permissible scope of discovery as defined by Rule 26(b)(1), Federal Rules of Civil Procedure.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Production of Documents [75] is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of September, 2016.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF